IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FAIRWAY CHEVROLET COMPANY, A NEVADA CORPORATION, Appellant/Cross-Respondent, vs. ALLEN KELLEY, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Respondent/Cross-Appellant. | No. 80160 |

FILED

APR 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a post-judgment order denying a request for attorney fees and a cross-appeal from a postjudgment order awarding costs. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.[1]

Fairway Chevrolet argues that the district court abused its discretion in declining to award it attorney fees. *See Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) (reviewing a district court's decision whether to award attorney fees for an abuse of discretion). Having considered the parties' arguments and the record, we conclude that the district court was within its discretion in declining to award fees under both NRS 18.010(2)(b) and NRCP 68(f). In particular, the district court was within its discretion in determining that Allen Kelley did not bring his claims to harass Fairway based on an arguably novel legal issue regarding whether a plaintiff could seek purely

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

equitable relief under NRS 41.600.[2] *See Patush v. Las Vegas Bistro, LLC,* 135 Nev. 353, 356, 449 P.3d 467, 470 (2019) ("Attorney fees [under NRS 18.010(2)(b)] are not appropriate where the underlying claim rested on novel and arguable issues, even if those issues were not resolved in the claimant's favor."). Similarly, the district court was within its discretion in its analysis of the *Beattie v. Thomas,* 99 Nev. 579, 589, 668 P.2d 268, 274 (1983), factors, specifically, its finding that the rejection of the offer was not grossly unreasonable or in bad faith. Accordingly, we affirm the district court's order denying Fairway's request for attorney fees.

Kelley argues that the district court abused its discretion in awarding Fairway (1) roughly $12,500 in costs for Westlaw research and (2) roughly $670 in costs for airline travel. *See Cadle Co. v. Woods & Erickson, LLP,* 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015) (reviewing a district court's award of costs for an abuse of discretion). We agree in both respects. With regard to the Westlaw research, Fairway's internal ledger did not document what research was conducted and how long it lasted, thereby making it impossible for the district court to determine whether each instance of research was reasonable and necessary.[3] *See id.* at 121, 345 P.3d at 1054 ("[A] district court must have before it evidence that the costs were reasonable, necessary, and actually incurred."). With regard to the

---

[2]In this, we note that Fairway's motion for summary judgment did not coherently focus on the "victim" aspect of NRS 41.600 in the way that Fairway did in its previous appeal. Nor does Fairway point to any other instance in the district court proceedings before the prior appeal wherein it focused on that aspect of the statute.

[3]In light of this shortcoming, we need not address Kelley's alternative argument that Fairway needed to produce documentation from Thompson Reuters showing that the costs were actually incurred.

airline travel, Fairway did not produce any justifying documentation to support those costs. *See id.* ("[J]ustifying documentation must mean something more than a memorandum of costs." (internal quotation marks omitted)).

Consistent with the foregoing, we affirm the district court's order denying Fairway's request for attorney fees, and we reverse the district court's order awarding costs insofar as it awarded costs for Westlaw research and airline travel. On remand, the district court shall enter a new order awarding costs that excludes those two items.

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District Court
Department 1, Eighth Judicial District Court
Howard & Howard Attorneys PLLC
Law Offices of Craig B. Friedberg
Law Offices of George O. West III
Eighth District Court Clerk